UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD M. COIA<br>As Trustee of the Rhode Island Laborers Health Fund; the Rhode Island Laborers' Pension Fund; the New England Laborers' Training Trust Fund; the New England Laborers' Labor Management Cooperation/Trust Fund; the New England Laborers' Health & Safety Fund; the New England Laborers' Unified Trust Fund; the Rhode Island Laborers' Annuity Fund; the Rhode Island Laborers' Legal Services Fund; the Rhode Island Construction Industry Advancement Fund; and the RHODE ISLAND LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, | : | |
| v. | : | C.A. No. 05-209ML |
| SHAW CONSTRUCTION CORPORATION and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | : | |

**FIRST AMENDED COMPLAINT**

1. Plaintiff Ronald M. Coia, a duly appointed Trustee of the Rhode Island Laborers Health Fund, the Rhode Island Laborers Pension Fund, the Rhode Island Laborers Annuity Fund, the Rhode Island Laborers Training Trust Fund, and the Rhode Island Laborers Legal Services Fund, ("Plaintiff Funds"), which are unincorporated associations having their principal offices in the City of Cranston, County of Providence and State of Rhode Island, brings this suit in his capacity as Trustee for the above named Funds.

2. Plaintiff, Rhode Island Laborers District Council ("Plaintiff Union"), acting on behalf of Local Unions #15, Westerly, Rhode Island; #271, Providence, Rhode Island; and #673, Newport, Rhode Island, is an unincorporated association having its principal office in the City of Providence, State of Rhode Island, and brings this suit in its own name.

3. Defendant, Shaw Construction Corporation ("Shaw Construction") is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 36 Hemlock Street, Suite 103, Providence, Rhode Island. Upon information and belief, Shaw Construction has performed business in the State of Rhode Island.

4. Defendant, Travelers Casualty & Surety Company of America ("Travelers") is a corporation duly organized and existing under the laws of Connecticut.

5. Plaintiff Funds bring this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and, more specifically, 29 U.S.C. § 1145, to collect delinquent contributions owed Plaintiff Funds by Defendant.

6. Plaintiff Union brings this action pursuant to the National Labor Relations Act, as amended, 29 U.S.C. § 185.

7. This Court has jurisdiction to hear this matter pursuant to 29 U.S.C. § 1132(e)(1) and (2) and 29 U.S.C. § 185(a) and (c). Plaintiff Funds are duly organized and recognized Trust Funds under 29 U.S.C. § 1002 and the Trustee of the Funds is empowered to bring this action pursuant to 29 U.S.C. § 1132(a)(3). Plaintiff Union is empowered to bring this action pursuant to 29 U.S.C. § 185(b).

8. This Court also has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1367.

**COUNT I**

9. Plaintiff Union incorporates all the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10. On or about June 1, 2001, Plaintiff Union entered into a collective bargaining agreement ("Agreement") effective June 1, 2001 through May 31, 2005 with the Rhode Island Chapter, Associated General Contractors of America, Inc. A copy of that Agreement is attached hereto and made a part hereof as **Exhibit A**. Shaw Construction is a party to the Agreement in that Plaintiff Union provided Shaw Construction with Union members who performed work for Shaw Construction, and who were employees of Shaw Construction, pursuant to the terms and conditions of said Agreement, which were in effect at all times pertinent to this action, and such

Shaw Construction named herein has been and remains a signatory to the Agreement pursuant to the Declaration of Trust signed by Shaw Construction and attached hereto as **Exhibit B**.

11. Pursuant to the Agreement, Shaw Construction agreed, under Article IX, to pay four dollars and seventy-five cents ($4.75) per hour worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Health Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees from June 2, 2003 to November 28, 2004.

12. Effective November 29, 2004, Shaw Construction agreed, under Article IX, to pay four dollars and ninety-five cents ($4.95) per hour worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Health Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

13. Pursuant to the Agreement, Shaw Construction also agreed, under Article X, to pay four dollars and ten cents ($4.10) per hour worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Pension Fund, a defined benefit pension plan, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

14. Pursuant to the Agreement, Shaw Construction also agreed, under Article XI, to pay thirty cents (30¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Training Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

15. Pursuant to the Agreement, Shaw Construction also agreed, under Article XI B, to pay fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Labor Management Cooperation/Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

16. Pursuant to the Agreement, Shaw Construction also agreed, under Article XI C, to

pay fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Health & Safety Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

17. Pursuant to the Agreement, Shaw Construction also agreed, under Article XI D, to pay one dollar and fifty cents ($1.50) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Unified Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

18. Pursuant to the Agreement, Shaw Construction also agreed, under Article XII, to pay fifty cents (50¢) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Legal Services Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

19. Pursuant to the Agreement, Shaw Construction also agreed, under Article XIII, to pay two dollars and seventy-five cents ($2.75) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Annuity Fund, a qualified defined contribution plan, said payments to be made not later than the twentieth (20th) day of each month for all hours worked by said employees.

20. Pursuant to the Agreement, Shaw Construction also agreed, under Article XIV, to pay fifteen (15¢) cents per hour worked by each employee covered by the terms of the agreement to the Rhode Island Construction Industry Advancement Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

21. Pursuant to the Agreement, Shaw Construction also agreed, under Article XV, to deduct seventy (70¢) cents per hour worked from the wages of each employee who was or became a member of Plaintiff Union and who authorized said deductions in writing in accordance with the Agreement, and to pay said deducted amounts to Plaintiff Union.

22. Upon information and belief, Shaw Construction employed various members of Plaintiff Union during the months of November and December 2004 and January and February 2005. Contributions for all hours worked by said employees as required under the Agreement and as specifically set forth above have not been reported and paid by Defendant and Defendant is delinquent in its payments to Plaintiff Funds and Plaintiff Union.

23. Under the Agreement, Shaw Construction was, is, and continues to remain delinquent in its contributions to Plaintiff Funds for certain hours worked by Shaw Construction's employees during November and December 2004 and January and February 2005, said contributions being payable in each month pursuant to the work performed as set forth in **Exhibit A.**

24. Shaw Construction was, is and continues to be delinquent in dues payments to the Plaintiff Union for deductions required to be made from the wages of Shaw Construction's employees for work performed by said employees during November and December 2004 and January and February 2005. Said employees were members of the Union and legally authorized Shaw Construction to make said deductions from their wages.

25. As a result of Shaw Construction's failure and/or neglect and/or refusal to report and remit payment of all contributions required under the Agreement to Plaintiff Funds and Plaintiff Union for work performed during the above-mentioned period, Plaintiff Funds and Plaintiff Union have incurred substantial costs.

26. At all times, Plaintiff Funds and Plaintiff Union have duly performed their obligations under the Agreement with Shaw Construction.

27. Plaintiff Funds and Plaintiff Union, through their representatives, have made repeated demands, without success, upon Shaw Construction requesting the contributions owed them pursuant to the Agreement.

28. Shaw Construction has failed and/or refused to pay said delinquencies and thus has breached its Agreement with Plaintiff Funds and Plaintiff Union.

WHEREFORE, Plaintiff Funds demand judgment and damages, pursuant to 29 U.S.C. §1132(g), against Shaw Construction in an amount to reflect the unpaid contributions, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, and such other relief as the Court may deem appropriate.

**COUNT II**

29. Plaintiff Union incorporates all the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Shaw Construction and Plaintiff Union are signatories to the Agreement attached hereto as **Exhibit A**.

31. Shaw Construction, by failing and/or refusing to remit payments to Plaintiff Union, has breached the terms of its Agreement, including, but not limited to, those Articles enumerated in Count I and the provisions contained therein.

32. At all times, Plaintiff Union has duly performed its obligations under the Agreement.

WHEREFORE, Plaintiff Union demands judgment and damages against Shaw Construction, in an amount to reflect the unpaid contributions, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, and such other relief as the Court may deem appropriate.

**COUNT III**

33. Plaintiff Union incorporates all the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. During the months of November and December 2004 and January 2005, employees of Shaw Construction worked on four construction projects. See Third Supplemental Affidavit of Anthony Paglia, attached as **Exhibit C**.

35. Shaw Construction employees worked on the following construction projects: (1) the Newport Naval Station in Newport, Rhode Island ("Newport Naval Station Project"); (2)

Commonwealth Pier in Boston, Massachusetts, under Massachusetts Port Authority Contract Number D251-C1 ("Massachusetts Port Authority Project"); (3) Lakeside Apartments in Worcester Massachusetts, under a contract with the Worcester Housing Authority ("Worcester Housing Authority: Lakeside Apartments Project"); and (4) Massachusetts Turnpike Authority, under Massachusetts Turnpike Contract No. 032-509 ("Massachusetts Turnpike Project").

36. Payment bonds were issued for each of the four construction projects.

37. Travelers is the surety company under each of the payment bonds.

38. Shaw Construction is principal under each of the payment bonds.

39. Under the Subcontract Labor and Material Payment Bond, Travelers is responsible for all unpaid labor costs incurred on the Newport Naval Station Project. A copy of the Subcontract Labor and Material Payment Bond No. 104277843, for the Newport Naval Station Project is attached as **Exhibit D**.

40. Under Payment Bond No. 104153467, Travelers is responsible for all unpaid labor costs incurred on the Massachusetts Port Authority Project. A copy of Payment Bond No. 104153467 is attached as **Exhibit E**.

41. Under Payment Bond No. 14360421, Travelers is responsible for all unpaid labor costs on the Worcester Housing Authority: Lakeside Apartments Project. A copy of Payment Bond No. 14360421 is attached as **Exhibit F**.

42. Under Payment Bond No. 104153470, Travelers is responsible for all unpaid labor costs on the Massachusetts Turnpike Authority Project. A copy of Payment Bond No. 104153470 is attached as **Exhibit G**.

43. Shaw Construction has failed to remit payment to Plaintiff Funds and Plaintiff Union for contributions owed for work performed on the Newport Naval Station Project, the

Massachusetts Port Authority Project, the Worcester Housing Authority: Lakeside Apartments Project and the Massachusetts Turnpike Authority Project.

44. Travelers, as the surety company under the payment bonds for each of the above-referenced construction projects, is liable to Plaintiff Funds and Plaintiff Union for payment of all unpaid contributions.

WHEREFORE, Plaintiff Funds and Plaintiff Union demand judgment and damages against Travelers in an amount to reflect the unpaid contributions, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, and such other relief as the Court my deem appropriate.

RONALD M. COIA, et al.
By their Attorneys,

Jaime J. LaPorte

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604 - 351-0607
Date: November 14, 2005

CERTIFICATE OF SERVICE

I hereby certify that I am over 18 years of age and not a party to this action. On November 14, 2005, I caused the foregoing First Amended Complaint to be served by first class mail, postage prepaid, and facsimile upon the following:

Thomas W. Heald, Esq.
Roger N. LeBoeuf, Esq.
Heald & LeBoeuf, Ltd.
606 Old Colony House
58 Weybosset Street
Providence, RI 02903

*361390_1.doc*