# SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND

KNOW ALL MEN BY THESE PRESENTS: That Shaw Construction Corporation
36 Hemlock Street, Providence, R.I. 02908 as Principal,
(Here insert the name and address, or legal title, of the Subcontractor)

hereinafter called Principal, and Travelers Casualty and Surety Company of America
(Name, corporate state and home office city of Surety)

Hartford, Connecticut 06183-9062 as Surety, hereinafter called Surety,
are held and firmly bound unto M.A. Mortenson Company, 700 Meadow Lane North,
(Here insert the name and address, or legal title, of the General Contractor)

Minneapolis, MN 55442 as Obligee, hereinafter called Obligee,
for the use and benefit of claimants as hereinbelow defined, in the amount of One Hundred
Ninety-Six Thousand and 00/100 Dollars ($ 196,000.00 ),

for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated March 22, 2004
entered into a subcontract with Obligee for Concrete Work - Repairs and Alterations to
Building W 36 - Newport Naval Station, Newport, R.I.
in accordance with drawings and specifications prepared by Ames & Whitaker, Church Street,
Waterbury, CT. 06702
(Here insert full name and title)
which subcontract is by reference made a part hereof, and is hereafter referred to as the subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.
(2) The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Obligee shall not be liable for the payment of any costs or expenses of any such suit.
(3) No suit or action shall be commenced hereunder by any claimant.
(a) After the expiration of one (1) year following the date on which Principal ceased work on said subcontract it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.
(b) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.
(4) The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this 2nd day of April A. D., 19 2004.

In the presence of:

SHAW CONSTRUCTION CORPORATION
BY: ______________________ (Seal)
Principal

______________________

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA ______________________ (Seal)
Surety

______________________

by ______________________
Attorney-in-fact
Richard F. Caruso

Subcontract Labor and Material Payment Bond.
This bond is issued simultaneously with another bond in favor of the general contractor conditioned for the full and faithful performance of the contract.