UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD M. COIA et. al. | : | |
| v. | : | C.A. No. 05-209ML |
| SHAW CONSTRUCTION CORPORATION and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | : | |

DEFENDANT, SHAW CONSTRUCTION CORPORATION'S
ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Shaw Construction Corporation ("Shaw") hereby answers Plaintiff's Complaint as follows.

1. Shaw is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 and therefore, they are denied.
2. Shaw is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 and therefore, they are denied.
3. Admitted.
4. Shaw is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 and therefore, they are denied.
5. This paragraph calls for a legal conclusion to which no response is required.
6. This paragraph calls for a legal conclusion to which no response is required.
7. This paragraph calls for a legal conclusion to which no response is required.
8. This paragraph calls for a legal conclusion to which no response is required.

Count I

9. Shaw incorporates its answers to paragraph 1 through 8 as if set forth in full herein.
10. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
11. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
12. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
13. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
14. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
15. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
16. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
17. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
18. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
19. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
20. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
21. Admitted that Shaw is a party to a collective bargaining agreement and that the terms of the collective bargaining agreement speak for themselves.
22. Admitted that Shaw employed various members of Plaintiff Union during the months of November and December 2004 and January 2005 and admitted that Shaw has been unable to make payments to the Plaintiff Union with respect to certain contributions. Shaw denies the remaining averments in paragraph 22.
23. Admitted that Shaw employed various members of Plaintiff Union during the months of November and December 2004 and January 2005 and admitted that Shaw has been

unable to make payments to the Plaintiff Union with respect to certain contributions. Shaw denies the remaining averments in paragraph 23.

24. Admitted that Shaw employed various members of Plaintiff Union during the months of November and December 2004 and January 2005, admitted that Shaw has been unable to make payments to the Plaintiff Union with respect to certain contributions, and that the terms of the collective bargaining agreement speaks for itself. Shaw denies the remaining averments in paragraph 24.
25. Shaw is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 and therefore, they are denied.
26. Shaw is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 and therefore, they are denied.
27. Admitted that Plaintiff Funds and Plaintiff Union, through their representative have made demands for payment upon Shaw requesting the contributions owed pursuant to the agreement. Shaw denies the remaining averments in paragraph 27.
28. Admitted that Shaw has been unable to make certain contributions to the Plaintiff Funds and Plaintiff union. Shaw denies the remaining averments in paragraph 28.

## Count II

29. Shaw incorporates its answers to paragraph 1 through 28 as if set forth in full herein.
30. Admitted.
31. Admitted that Shaw has been unable to make certain payments to the funds despite the agreement. Shaw denies the remaining averments in paragraph 31.
32. Shaw is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32 and therefore, they are denied.

## Count III

33. Shaw incorporates its answers to paragraph 1 through 32 as if set forth in full herein.
34. Admitted.
35. Admitted.
36. Admitted.
37. Admitted.

38. Admitted.
39. Admitted.
40. Admitted.
41. Admitted.
42. Admitted.
43. Admitted.
44. Admitted.

WHEREFORE, Defendant, Shaw Construction Corporation demands that Plaintiff's Complaint be dismissed.

First Affirmative Defense

Any damages suffered by Plaintiff were caused by the acts and omissions and are the responsibility of other entities for whose acts or omissions Shaw is not legally responsible.

SHAW CONSTRUCTION CORPORATION
By its Attorneys,

Thomas W. Heald, Esq. #1694

Roger LeBoeuf, Esq. #5208
Heald & LeBoeuf, Ltd.
606 Old Colony House
58 Weybosset Street
Providence, RI 02903-2817
Tel: (401) 421-1500
Fax: (401) 331-5886

## CERTIFICATION

I hereby certify that I have mailed a true copy of the within Answer to Jaime L. Laporte, Adler, Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903, this 29th day of December, 2005.